[No. 14525. Department Two. April 27, 1918.]

*In the Matter of the Estate of* JOHN J. PETERS.
JOHN NUHSE *et al., Appellants,* v. ANNA PETERSON
*et al., Respondents.*[1]

WILLS—CONSTRUCTION—LANDS INTENDED — SUPPLIED DESCRIPTION.
Where a testator only owned the southwest quarter of a section and
intended to devise all of it to different persons, but only properly
described the southeast and the southwest quarters of the tract, a
devise to John Nuhse of "40 acres lying between my northeast cor-
ner and the south line of John Nuhse property" (which was testat-
or's north line) will be construed as referring to the "northeast
corner" of the testator's home place, which was his southeast quar-
ter, and as devising the northeast quarter of the southwest quarter
of the section.

SAME. In such case, a further devise to the same devisee of
"also all property I own on the east side of the N. W. ¼ of sec.
33," will be held to refer to all the property on the "east side" of
a county road running diagonally through the northwest quarter
of the southwest quarter of the section.

SAME. In such case, a further devise to another, to whom the
adjoining southwest quarter of the southwest quarter had been de-
vised of "also all left of the N. W. ¼ of the same section," will be
held to devise all left of the northwest quarter of the southwest
quarter of the section.

WILLS—CONSTRUCTION. The testator's intention must be gathered
from the language of the will, construing all the provisions to-
gether, omitted words may be supplied, and the will liberally con-
strued to effectuate the testator's intention and, when possible, to
sustain the right to dispose of one's property by will.

ELLIS, C. J., dissents.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered July 9, 1917,
upon findings in favor of the defendants, in an action
to construe a will, tried to the court. Reversed.

*G. W. Hinman,* for appellants.
*Peter Husby,* for respondents.

[1]Reported in 172 Pac. 870.

HOLCOMB, J.—This is a petition for the purpose of construing the clauses of a will. Part of paragraph 2 of the will is as follows:

"I hereby give and bequeath unto John Nuhse . . . also 40 acres lying between my northeast corner and the south line of John Nuhse property; also all property I own on the east side of the N. W. ¼ of sec. 33, T. 31, N. R. 6 E., W. M."

Paragraph 3:

"I hereby give and bequeath unto Henry Hoffman the S. E. ¼ of the S. W. ¼ of sec. 33, T. 31 N. Range 6 E., W. M., in Snohomish county, Washington."

Paragraph 6:

"I hereby give, devise and bequeath unto Mrs. Anna Peterson, of Tacoma, Washington, and Mrs. Mark Bartlett, of Seattle, Washington, the S. W. ¼ of the S. W. ¼ of sec. 33, T. 31, N. R. 6 E., W. M. Also all left of the N. W. ¼ of the same section, township and range."

It is conceded that the decedent owned only the southwest quarter of section 33, T. 31, N. R. E., W. M., and that he properly devised the southeast quarter of the southwest quarter in paragraph 3 of his will, and the southwest quarter of the southwest quarter of the section, etc. It is claimed by petitioners, and the trial court found, that, for indefiniteness of description, testator's will was a nullity as to the north eighty acres owned by him. For the purpose of clarity a plat of the section is set forth as has been admitted by the trial court in the record, as follows:

Martin Peterson 39.46 | Andrew Nord 40.50 | 20 | 20 Thomas 39.85

John H Nuhse 38.99 | 20 | 20 McCaffery 40

Estate of 38.61 38.82 | August

John J. Peters 40 | 38.30 | Stehr.

It is evident from reading the will that the testator intended to devise all his estate in different portions to different persons, although he did not express himself as clearly as should have been done.

"The testator's intention must be gathered from the language of the will, construing all the provisions together." (Syllabus) *McCullough v. Lauman,* 38 Wash. 227, 80 Pac. 441.

Now let us return to the clause, "also 40 acres lying between my northeast corner and the south line of John Nuhse property." The home place of the testator was on the southeast quarter of the southwest quarter of the section. It seems plain that he intended to give the forty acres between the northeast corner of his home place and the forty acres south of the south line of John Nuhse, as John Nuhse's property was the entire northern boundary of the testator's property.

Omitted words will be supplied in a will where it is

evident the testator has not expressed himself as he intended. *Butler v. Moore,* 94 Ind. 359; *Estate of Espitallier,* 6 Cof. Prob. Dec. 299 (Cal.).

A court is bound to give that construction to a will which will effectuate the intention of the testator, if such intention can be gathered from the terms of the will itself, and the intention is to be gathered from everything contained within the four corners of the instrument. *Yates v. Shern,* 84 Minn. 161, 86 N. W. 1004.

The other clauses read (to John Nuhse), "also all property I own on the east side of the N. W. ¼ of sec. 33 T. 31 N. R. 6 E., W. M.," (paragraph 2 of the will) and (to Mrs. Bartlett and Mrs. Peterson) "also all left of the N. W. ¼ of the same section, township and range," (paragraph 6 of will). A county road runs through the northwest quarter of the southwest quarter of testator's property in a northwesterly and southeasterly direction, as shown by the plat. The question is, did the testator intend the portion on the east side of the road of the northwest forty of his estate for Nuhse, or the east side of the northwest quarter of the section *which he did not own;* and further, did he intend to devise to Bartlett and Peterson all that was left of the northwest forty of his estate, or all that was left of the northwest quarter of the section, township and range, *which he did not own?* It seems plain that the testator did not express himself in apt words. Mistakes in writing descriptions are numerous; even the respondents, in their brief (on page 8), used the words "northeast quarter" three times when they intended the *southwest* quarter.

There was no residuary clause in the will, and the testator depended upon two attorneys to properly express his intentions to devise all his property. Should we hold that the contested clauses of the will are void,

we would, in effect, hold that the testator did not intend to devise the north eighty acres of his estate. This should not be done contrary to the plain intent of the testator when it can be gathered from the wording of the will and the location and ownership of the estate.

"Where, upon examination of a will, taken as a whole, the intention of the testator appears clear, but its plain and definite purposes are endangered by inapt or inaccurate modes of expression, the court may, and it is its duty to, subordinate the language to the intention; it may reject words and limitations, supply or transpose them to get at the correct meaning." *Phillips v. Davies*, 92 N. Y. 199.

See, also, *In re Miner's Will*, 146 N. Y. 121, 40 N. E. 788.

*Alford v. Bennett*, 279 Ill. 375, 117 N. E. 89, is a late case with similar misdescription in a will, and where the court construed the description in the will to be of the land that the devisor actually owned. The testator owned the northeast quarter of the northwest quarter of a section, but did not own any of the northeast quarter of the section. A devise to one daughter of the north 25 acres of the northeast quarter of the section, following a devise to another daughter of 15 acres "off the south side of the northeast quarter of the northwest quarter" of the section, was a devise of the north 25 acres of the northeast quarter of the northwest quarter, being remaining land in the estate undisposed of by the testator, and the will containing no residuary clause.

The trial judge in his memorandum decision says:

"(1) That clause which read as follows: 'Also forty acres lying between my northeast corner and the south line of John Nuhse's property; also all property I own on the east side of the northwest quarter of section thirty-three, township thirty-one north, range six E. W. M.' is extremely hard for me to construe.

"(2)   I recognize the rule of law to be that the court should give effect to the intention of the testator if that can be gathered from the words employed by him in his will.   In this case the testator describes property which cannot exist, for the reason that he could have possessed no land between his northeast corner and the south line of any other real estate.   I have not lost sight of the fact that, according to the plat introduced in evidence, by construing the language used to read as follows:

"(3)   'I give and devise unto John Nuhse the northeast quarter of the southwest quarter; also all property which I own on the east side of the county road in the northwest quarter of the southwest quarter of section thirty-three, township thirty-one north, range six E. W. M.' and if I should also construe the language with reference to the property conveyed to Mrs. Anna Peterson and Mrs. Mark Bartlett as follows:

"(4)   'The southwest quarter of the southwest quarter of section thirty-three, township thirty-one north, range six E. W. M.; also all property lying on the west side of the county road in the northwest quarter of the southwest quarter of section thirty-three, township thirty-one north, range six E. W. M.' the will would dispose of all real estate which the testator owned at the time of his death.

"(5)   However, it occurs to me that the court would be practically making a will for the testator to give it the construction above suggested.   If the testator was in a mental condition to dispose of his property, I can see no reason or excuse for his not giving a better description of it than he has.

"(6)   Under the evidence he owned no property in the northwest quarter of the section mentioned; neither did he own any property on the east side of the northwest quarter of said section.   If, as a matter of fact, the court should add to the description and make it read:

"(7)   'Also all property I own on the east side of the northwest quarter of the southwest quarter of said section,' that would include the northeast quarter of the southwest quarter of said section, but it would not

19—101 wash.

include any part of the northwest quarter of the southwest quarter.

"(8) There is no residuary devise in the will. However, the same rule would apply, in my opinion, in the construction of the will that would were there a residuary devise, since all property not disposed of by the will descends to the heirs at law. The law makes a very equitable disposition of property where one dies without a will, and I think, before one should be permitted to change the descent of his property by will, he should do so in a way that would enable the court to determine, from the language employed, how he intended to dispose of his property. He should also do so in a way that would indicate that he appreciated what he was doing. That, in my opinion, the testator in the case under consideration, has not done. Therefore, I shall hold that he died intestate as to the north half of the southwest quarter of section thirty-three, township thirty-one, north, range six E. W. M."

Section 1339, Rem. Code, which was reenacted (Laws of 1917, ch. 156, p. 653, § 45), is as follows:

"All courts and others concerned in the execution of last wills shall have due regard to the direction of the will, and the true intent and meaning of the testator, in all matters brought before them."

We held in *Webster v. Thorndyke,* 11 Wash. 390, 39 Pac. 677:

"If of two constructions of an instrument one will give effect to all the objects which it is evident were sought to be accomplished by its execution, and another will not, the one which will should be adopted, if the language used can be so interpreted as to allow such construction."

The right to dispose of one's property by will is a valuable right and will be sustained when possible. *Points v. Nier,* 91 Wash. 20, 157 Pac. 44; *Pond's Estate v. Faust,* 95 Wash. 346, 163 Pac. 753; *In re Murphy's Estate,* 98 Wash. 548, 168 Pac. 175.

While there are cases found in the books strictly construing such devises against the devisor for uncertainty and indefiniteness, we are disposed to as liberal a construction as possible to effect the carrying out of the intention of a testator, when possible to determine it from *all* the surroundings and context of the devise.

From a reading of the will in this case, the intent of the testator is apparent that he desired to dispose of all his property. It is our opinion that the will should have effect and be given that construction as set forth in paragraphs 3 and 4 of the trial judge's memorandum decision above quoted.

Reversed and remanded for entry of judgment as herein indicated.

MOUNT, CHADWICK, and MAIN, JJ., concur.

ELLIS, C. J. (dissenting)—What the testator intended by the language used seems to me a matter of conjecture. It seems to me that the majority have rewritten rather than construed his will. I therefore dissent.