[No. 21588.   Department One.   May 2, 1929.]

*In the Matter of the Estate of* G. J. TIEMENS, *Deceased.*[1]

[1]Reported in 277 Pac. 385.

*Kohlhase & Cooperman,* for appellants.
*William Stuart,* for respondents.

HOLCOMB, J.—G. J. Tiemens died in Cowlitz county, leaving a last will and testament disposing of his estate. The will was made in June, 1923, when the testator was eighty-five years of age. He left, surviving him, four children and several grandchildren.

After certain bequests to the two children of a deceased son, to each of his three children, other than appellant, he bequeathed one third of the residue of his estate. To his son William Tiemens, appellant here, he made the following bequest:

"I hereby give, devise and bequeath unto my beloved son, William Tiemens, the sum of two thousand dollars, the same to be held in trust for him, by my executors hereinafter named, provided that the interest derived from the said sum shall be paid yearly to my said son, William Tiemens, and provided that in the event he shall become a widower, or may hereafter be divorced from his present wife then as a solace to him in the event of such bereavement, and sorrow, my said executors are hereby authorized to deliver to him, this bequest in full and to terminate the said trust, and further provided that in the event my said son, William Tiemens, may die while still married to Wilhemena Tiemens and leaving her surviving him as his widow, then the said sum of two thousand dollars shall be paid to his daughter (my granddaughter), Bertha Tiemens, immediately," etc.

The matter came before the lower court on motion of William Tiemens to construe that paragraph of the will. It was contended there, and is contended here, that the condition contained in that clause of the will is

void and the bequest is absolute, because the condition annexed to the bequest is contrary to good morals and against public policy.

Testimony was introduced tending to show the relations between the testator and the wife of William Tiemens, to the effect that they were not on good terms; that Wilhemena Tiemens had once separated from her husband, about two months after their marriage, and that the testator then insisted that William Tiemens should procure a divorce from his wife, which he refused to do. William and Wilhemena Tiemens were married in 1911. Marital difficulties arose between them, and the wife left her husband for about six weeks, and then returned to him.

Appellant contends that the obvious intention of the testator, in making the condition annexed to the bequest, was to promote and facilitate a divorce between them.

Respondents contend that the testator, being well acquainted with the trouble existing between his son and his wife, being aware of the fact that Mrs. Tiemens had left his son at one time, as the result of some difficulty, and believing that, in all probability, she would abandon him again, if she came into possession of any considerable amount of money, was justified in making the bequest as he did, so that the funds would not be dissipated by the wife, but would be preserved for the use of the son.

The parties agree that courts must be governed by the rule that the true intent and meaning of the testator in all matters brought before the courts, concerning the execution of last wills, shall prevail.

Courts receive extrinsic evidence of circumstances and surroundings of the testator and the objects of his bounty, not to defeat, but to aid, in determining the

testator's intention and only if such intention be uncertain. Schouler on Wills, Executors and Administrators, vol. 1 (5th ed.), § 572.

A preponderance of the testimony received by the trial court shows that there was no intention upon the part of the testator to cause or facilitate a divorce between his son and his wife.

The clause of the will in question does not expressly so provide.

Texts and cases cited by appellant to the effect that a condition in a will which shall constitute an inducement to separate, or to obtain a divorce, or in restraint of marriage, is void as against public policy, do not seem to apply to the provisions of this will.

It is true that, in New York, the rule has been rigidly adhered to from early times that any condition attached to a bequest in a will which tended to encourage divorce or to live separate and apart, by husband and wife, would be held void as against public policy and good morals. Most of the wills in the cases cited, however, contain much more explicit provisions to effect such purpose than the provision of this will. When relating to facilitation of divorce, the public policy of New York has long limited divorce grounds more strictly than most states, which affects the question. As to encouragement to live apart, without divorce, that conduces to immorality, which all courts condemn. That is not the provision of the will before us.

This court has held, however, that a condition in a will, precedent on a legal divorce, is valid. *In re Nichols' Estate,* 102 Wash. 303, 172 Pac. 1146, L. R. A. 1918E 986. The will in that case contained this conditional bequest:

"I also give and bequeath to Jessie F. McDonald, of Spokane, provided she is legally divorced from her

husband, A. S. McDonald, and still bears his name, the sum of one thousand dollars;''

The contention there was that the condition imposed upon the legacy was one tending to induce the separation of husband and wife, and to operate in restraint of marriage, and thus was void as against public policy. We held that such a condition was not an inducement to obtain a divorce, nor one in restraint of marriage. We also said that:

''A condition to have such an effect must be a condition subsequent; it must provide for a future separation and operate as a restraint upon subsequent marriage.''

An examination of a number of authorities shows that the rule is well stated in 28 R. C. L., p. 328, as follows:

''Generally speaking a condition, the tendency of which is to induce a husband and wife to live separate, or to be divorced, is void on grounds of public policy and public morals. Nevertheless it has frequently been held that a testator may make the vesting of a legacy depend upon the legatee's separation from his wife or husband through death, divorce or other permanent separation. Such a condition is not an inducement to obtain a divorce, nor is it in restraint of marriage. Nor is a trust void as against public policy which provides that in case of the death or divorce of the wife of the beneficiary before its termination the whole property shall vest in him, but in case he dies while yet married the property shall vest in a third person. And it has been held that a bequest to testator's daughters which provided that in case either of them should become a widow, or otherwise become lawfully separated from her husband, she should receive her share of the property absolutely, instead of the income which was given to her while she remained a wife, was not void as against public policy on the ground of encouraging the daughters to live separate or be divorced from their husbands.''

Several cases cited and relied upon by appellant are referred to and distinguished in a very able opinion in *Cowley v. Twombly,* 173 Mass. 393, 53 N. E. 886, 46 L. R. A. 164. The court held that a condition attached to a bequest that, in case of the death or divorce of the wife of the beneficiary before its termination, the whole property should vest in the legatee, but in case he died while yet married, the property should vest in a third person (just as here), was not void as against public policy. We quote with entire approval the reasoning of the court as follows:

"The scheme of the trust no more tended to induce the son improperly to procure a divorce between himself and his wife than to induce him to procure her death. Either event would give the son an estate which otherwise he could not have. But the testator was under no obligation to give property to his son, and had full right, if he chose, to give it to the defendant, his niece. There is here no gift to the son upon a condition that the son should lose the benefit of the gift if he should not separate from his wife, as in *Wren v. Bradley,* 2 De G. & S. 49, and in *Conrad v. Long,* 33 Mich. 79. What the testator has done is to provide that, upon the son's death, the property shall go to the defendant, unless before the son's death the woman who, when the will was made, was the son's wife, had ceased to be such, by reason of death or divorce. That a devisee of a contingent remainder will benefit by the death of the life tenant does not make such a devise void, as against public policy, because tending to induce the remainderman to compass the death of the life tenant. The separation of husband and wife, the marriage continuing, is against public policy. Hence, conditions, annexed to limitations by settlements or wills, providing that a husband or wife shall lose the benefit of an estate unless they live separate, have been held void. *Cartwright v. Cartwright,* 3 De G. M. & G. 982; *Wren v. Bradley,* 2 De G. & Sm. 49; *Conrad v. Long,* 33 Mich. 79.

"But, while the separation of persons who are husband and wife is against public policy, divorces are

provided for, sanctioned, and regulated by law. There is no more likelihood or presumption that a divorce will be wrongfully brought about by one of the parties to a marriage, in order to secure property, than that a death will be so occasioned. A testator no more offends public policy by simply making his bounty contingent upon the occurrence of a divorce than of a death.''

See, also, *Born v. Horstmann*, 80 Cal. 452, 22 Pac. 169, 5 L. R. A. 577; *Coe v. Hill*, 201 Mass. 15, 86 N. E. 949; *Snorgrass v. Thomas*, 166 Mo. App. 603, 150 S. W. 106.

The right to dispose of one's property by will is a valuable right and is sustained, when possible, as the intention of the testator is manifested by his will. *Points v. Nier*, 91 Wash. 20, 157 Pac. 44; *In re Murphy's Estate*, 98 Wash. 548, 168 Pac. 175; *In re Peter's Estate*, 101 Wash. 572, 172 Pac. 870.

We conclude, as the trial court did, that there exists no reason why this will should be construed so as to vest the bequest in the petitioner immediately, as he seeks in this proceeding.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, FULLERTON, and BEALS, JJ., concur.