[No. 23286. Department Two. December 21, 1931.]

KATHERINE SAYRE PEIFFER, *Appellant*, v. THE OLD
NATIONAL BANK & UNION TRUST COMPANY
*et al., Respondents.*[1]

*Lund & Dodds,* for appellant.

*Kimball & Blake,* for respondents.

[1]Reported in 6 P. (2d) 386.

HOLCOMB, J.—This proceeding was instituted in the court below to contest the last will of Albert J. Peiffer, who died June 30, 1930. The will was executed June 19, 1920. The contestant is a daughter of the decedent by his first wife. Respondent Mabel Mildred Peiffer was divorced from decedent January 19, 1929, and has remarried to one Harding. Respondent Albert John Peiffer, Jr., is the minor son of decedent and his divorced wife. Mabel Mildred Peiffer Harding is the guardian of respondent Albert John Pieffer.

The necessary parts of the will, in so far as it affects this appeal, are:

"(2) I hereby expressly mention my daughter, Katherine Sayre Peiffer, and expressly make no devise or bequest to her by this will.

"(3) In the event that my beloved wife, Mabel Mildred Peiffer, shall survive me for a period of three months, I hereby give, devise and bequeath to her all of my property of every kind and character and wheresoever situated.

"(4) In the event that my beloved wife, Mabel Mildred Peiffer, shall survive me for a period of three months, I hereby expressly make no devise or bequest to my son, Alfred John Peiffer, Jr., for the reason that his interest will be fully cared for by my beloved wife above mentioned.

"(5) In the event that my beloved wife, Mabel Mildred Peiffer, shall not survive me for a greater period than three months, I hereby give, devise and bequeath to my son, Albert John Peiffer, Jr., all of my property of every kind and character and wheresoever situated.

"(6) In the event that my beloved wife, Mabel Mildred Peiffer, shall not survive me for a longer period than three months, I hereby nominate and appoint my dear friend, Mary I. Williams, of Spokane, Washington, to be the guardian of both the person and estate of my son, Albert John Peiffer, Jr., and hereby expressly consent to the adoption by her of my said son, provided only that his name shall not be changed.

"(7) I hereby nominate and appoint my beloved

wife, Mabel Mildred Peiffer, executrix of this my will, provided she shall survive me for a period of three. months, and direct that she shall serve without the giving of any bond and shall handle and close my estate without the intervention of any court, except in so far as is required by the non-intervention laws of the state of Washington, and I hereby expressly vest in her power to sell any property of any kind or character belonging to my estate, wheresoever situate, without being required to obtain any order of court for such sale or to report her proceedings concerning such sale to any court.

"(8) In the event that my beloved wife, Mabel Mildred Peiffer, shall not survive me for a longer period than three months, I hereby nominate and appoint my dear friend, Mary I. Williams, executrix of this my will, and direct that she shall serve as such executrix without the giving of any bond and that she shall probate my estate and close the same without the intervention of any court, except in so far as may be required by the non-intervention will laws of the state of Washington, and I further direct that she shall act as guardian and trustee for my said beloved son, Albert John Peiffer, Jr., and shall have the sole custody and care and control of my said son, and shall handle his property as she shall see fit, without giving bond or being required to account to any court or courts for her doings in relation thereto, it being my intention in the event that my beloved wife, Mabel Mildred Peiffer, shall not survive me for a longer period than three months, that all of my property of every kind and character and wheresoever situated shall pass to the said Mary I. Williams to be used by her as she shall see fit for the benefit of my said son, Albert John Peiffer, Jr."

Respondents demurred to the petition of appellant, the trial court sustained the demurrer, contestant refused to plead further, and her petition was dismissed. This appeal results.

No party contends that the will is not revoked as to

Mrs. Harding, because of the provision of Rem. Comp. Stat., § 1399, the material part of which reads:

"A divorce, subsequent to the making of a will, shall revoke the will as to the divorced spouse."

In *In re Ziegner's Estate,* 146 Wash. 537, 264 Pac. 12, we held that the above portion of the statute is retroactive, operating to revoke a will executed before the act went into effect, and that there is no vested interest in a will so long as the maker is alive.

Based upon the premise that, since the divorce revoked the will in favor of Mrs. Harding, and because Mrs. Harding still lives the son Albert takes nothing under the will, his inheritance under the will being contingent upon a condition precedent, namely, the death of Mrs. Harding within three months after that of the testator, appellant asserts that she and Albert share equally in the estate by the law of descent, Rem. Comp. Stat., §§ 1341 *et seq.*

It is argued in this connection that, were it not for § 1399, *supra,* the estate would now be vested in Mrs. Harding as of the date of the testator's death; and that, by the terms of paragraph four of the will, Albert takes nothing if Mrs. Harding survived the three months period; that Albert takes the estate bequeathed and devised to him only upon the happening of the uncertain event of the death of Mrs. Harding within the three months period.

It is correct that the intention of the testator must be determined as of the time of the execution of the will. That is our rule by statute (Rem. Comp. Stat., § 1415), and is also well settled judicially. *Webster v. Thorndyke,* 11 Wash. 390, 39 Pac. 677; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105; *In re Peters' Estate,* 101 Wash. 572, 172 Pac. 870; *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6; *In re Sharp-*

*nack's Estate,* 138 Wash. 473, 244 Pac. 715; *In re Tie-mens' Estate,* 152 Wash. 82, 277 Pac. 385, 68 A. L. R. 753; *O'Shaughnessy v. Brooks,* 153 Wash. 247, 279 Pac. 591.

In *In re Peters' Estate, supra,* we reaffirmed the doctrine of the *Webster* case, *supra,* to the effect that, if of two constructions of an instrument one will give effect to all the objects which it is evident were sought to be accomplished by its execution, and another will not, the one which will should be adopted, if the language used can be so interpreted as to allow such construction, and that the testator's intention must be gathered from the language of the will, construing all the provisions together; omitted words may be supplied and the will liberally construed to effectuate the testator's intention, and, when possible, to sustain the right to dispose of one's property by will.

Construing the will before us as of the time of its execution, we find that Mabel Mildred Peiffer was then the beloved wife of the testator. A positive intention was expressed to give no devise or bequest to the contestant. It was several times expressed, in almost identical language, that, if his beloved wife, Mabel Mildred Peiffer, should survive the testator for a period of three months, then certain dispositions were made. The intention was most clearly manifest that, if Mabel Mildred Peiffer should not survive the testator more than three months as his wife, contestant should be disinherited and the remainder of the estate should go to the son.

In the *Lotzgesell's Estate* case, *supra,* we quoted and approved a decision from Tennessee to the effect that, in the construction of last wills, the scope and import of the entire instrument are to be considered for the purpose of discovering the intention of the testator, and that such intention, when discovered, is of para-

·mount and controlling influence. We also held in that case that one of the strongest rules employed in looking for the intention of a testator is that the testator is not to be presumed to intend to die intestate as to any part of his property, if the words of the will can be so construed as to carry the whole estate, unless the contrary intention is so plain as to force a different conclusion. See, also, *In re Gregory's Estate,* 12 Cal. App. 309, 107 Pac. 566; *In re McCurdy's Estate,* 197 Cal. 276, 240 Pac. 498.

Under our statutory mandate, *supra,* and in the light of these principles, it is incumbent upon us to carry out the intention of the testator, first, to disinherit the contestant, and second, to provide for his son.

It is not necessary for us to go so far, as is contended by appellant, as to declare that the divorce of the wife of the testator was equivalent to her death. After her divorce, she was no longer the wife of respondent, and did not survive as his widow the three months after his death, several times expressed by the testator. All provisions in the will bequeathing and devising his estate to her were for her benefit as his ''beloved wife'' and for the son. The provisions for her benefit were revoked by the divorce. The divorce necessarily annulled the provisions as to her taking any part of the estate, in trust or otherwise, but certainly did not revoke and annul the bequests to the son and the disinheritance of the daughter.

Section 1399, *supra,* being in derogation of the former common law which evolved implied revocations of wills in a very few instances, and divorce was not one, must be confined in application to its strict terms. Although that power of the legislature is undoubted, it will not be extended to operate as an implied revocation of devises and bequests to other objects of a

testator's bounty. Compare, *In re Estate of Comassi,* 107 Cal. 1, 40 Pac. 15, 28 L. R. A. 414.

The construction of this will contended for by appellant would bring about intestacy and defeat the undoubted intent of the testator with respect to the disposition of his property. That, as was held in the *Tiemens* case, *supra,* and other cases there cited, is a valuable right; and whatever is promotive of the testator's wishes, if not contrary to law or public policy, is sustained whenever possible as his intention is made manifest by his will.

The judgment of the trial court is right, and is affirmed.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.