[No. 31881. Department One. March 13, 1952.]

T. A. HARRELL et al., Appellants, v. EDITH RUTHERFORD, Individually and as Executrix, Respondent.[1]

I. J. Bounds and Homer B. Splawn, for appellants.

Cleman & Crimp, for respondent.

MALLERY, J.—The plaintiffs were the brothers and sisters of Luther S. Harrel, deceased. They brought an action against the defendant as executrix of his estate, and as the devisee under his will, seeking to contest it and to have it construed. From a judgment of dismissal, upon the sustaining of a demurrer, the plaintiffs appeal.

The trial court held that, as a will contest, the action was fatally defective, because the statutory procedure in such actions was not followed. This is conceded by the appellants, and they now base their appeal solely upon the ground that they are entitled to have the will construed under the purview of the declaratory judgment act. RCW 7.24.010 et seq. [cf. Rem. Rev. Stat. (Sup.), § 784-1 et seq.]

The respondent was named executrix and the sole devisee under the will, which was admitted to probate. There was no residuary clause or alternative beneficiary named therein.

[1]Reported in 241 P. (2d) 1171.

Appellants seek to have a paragraph of the will construed, which they allege reads as follows:

"I give, devise and bequeath all of my property of whatsoever name and nature and wheresoever situate to my friend Edith Rutherford, *to whom I am engaged to be married, as soon as I can legally do so.*" (Italics ours.)

Appellants contend that the italicized clause makes the will ambiguous. They allege extrinsic facts for the purpose of explaining the testator's intention. The construction they contend for is that the clause "as soon as I can legally do so" was intended by the deceased to be words of condition, that is, that the devise was not to take effect until or unless Edith Rutherford obtained a legal divorce from her former spouse, and then legally married the testator.

The complaint alleges in detail and at length that the respondent is a bad person with improper motives, who overreached the deceased; that the divorce procured from her former spouse was illegally obtained and invalid; and that her marriage to the deceased was a nullity. They seek a construction of the will that makes a valid marriage a condition precedent to an effective devise.

The trial court, in sustaining the demurrer, held that the will was not ambiguous. He arrived at his conclusion in the following manner:

"It is my studied conclusion that the words 'as soon as I can legally do so' refer to the engagement or the ability to be married, and in nowise modify the ability on the part of the testator to make the devise to Edith Rutherford. The testator would be assumed to know that if he wished to devise all of his property to his then friend, Edith Rutherford, there were no legal restrictions whatsoever upon his ability to do this, and it appears that is exactly what he did. Having made the devise he describes the person further to whom the devise has been made by saying, '. . . to whom I am engaged to be married, as soon as I can legally do so.'

"There is no basis upon which it can be predicated in reading the above language of the Will that in order for the devise to be effective it was necessary for the testator to consummate the marriage to his friend Edith Rutherford, either in law or from the language used.

"If it can be said that there is any ambiguity, the ambiguity as to what 'as soon as I can legally do so' means, wholly concerns the engagement and the marriage, and in no way effects the devise or the ability of the testator to make this devise. There being no ambiguity in so far as this devise to Edith Rutherford as provided in the Will, then the matter of determining whether or not the attempted marriage ceremony was valid or invalid is of no consequence in effecting the devise to the testator's friend Edith Rutherford. . . ."

■ When a will is unambiguous, there is no room for construction, and this is particularly so where a construction is sought to be drawn from extrinsic facts. *Webster v. Thorndyke,* 11 Wash. 390, 39 Pac. 677; *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6; *In re Williamson's Estate,* 38 Wn. (2d) 259, 229 P. (2d) 312. See also 2 Page on Wills, 798, § 916.

■ We agree with the trial court that the will is not ambiguous.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.

April 14, 1952. Petition for rehearing denied.