[No. 13820. Department Two. March 21, 1917.]

ESTATE OF MARY S. POND *et al.*, *Respondents*, v.
KATHERINE L. FAUST, *Executrix, Appellant.*[1]

WILLS — TESTAMENTARY CAPACITY — INSANITY—EVIDENCE—SUFFI-
CIENCY. Upon an issue as to testamentary capacity, the courts will
presume sanity until the presumption is overcome; but a finding of
incapacity will be sustained, where the question was largely one of
the credibility of witnesses, and it appeared that the testator had
frequent hallucinations and was at times unable to carry on a co-
herent conversation, and two years before making the will was suf-
fering from a form of incipient senile dementia, and three or four
months after making the will a hearing was had, she was then in
an advanced stage of senile dementia, and a guardian was appointed.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered June 14, 1916, upon findings
in favor of the plaintiffs, setting aside a will on the ground
of mental incapacity of the testatrix, after a contest tried
to the court. Affirmed.

*C. M. Miller*, for appellant.

*Daniel Landon*, for respondents.

HOLCOMB, J.—The heirs of Mary S. Pond, deceased, seek
in this proceeding to set aside her will on the ground that
she was mentally incompetent to make the same. The petition
was contested by appellant, Katherine Faust, who was made
both executrix and a beneficiary under the will.

The only issue raised by this appeal is whether deceased
was competent to make a will. The evidence on this ques-
tion was in direct conflict, and while we realize that the
right to dispose of property by will is a valuable property
right, of which we are loath to deprive a person except on
clear and convincing evidence of incompetency to make the
same, yet in this case the advantage of the trial court in

[1]Reported in 163 Pac. 753.

hearing the witnesses and noticing their demeanor and candor, sympathy or bias, while testifying is of more importance than usual, for the case practically hinges on the credibility and capacity of witnesses.   Courts will presume sanity until that presumption is overthrown by competent and reliable evidence to the contrary.   From a careful examination of the evidence, which we will briefly discuss later, we are not prepared to hold that the evidence preponderates against the findings of the lower court.

We do not think a detailed discussion of the evidence necessary; but it is shown without much doubt that deceased was an aged, unmarried woman, living, at the time of her death, in Seattle; that she had frequent hallucinations in which she imagined that she had painted pictures and written books, and that her deceased brother was sitting at the table with her; that she was at times flighty and could not carry on a coherent conversation.   Some two years prior to January, 1914, the date the will was executed, deceased made a trip to New Jersey, and the testimony of one of her cousins, who was a physician and saw her on this trip, was to the effect that she was at that time suffering with a form of insanity known as incipient senile dementia.   But the most conclusive evidence is the fact that, during her lifetime and three or four months after the execution of the will, a hearing was had and a guardian appointed for her because she was incapable of handling her own affairs and was of unsound mind.   Both the physicians who examined her at this hearing stated that her mind was gone and that she was in an advanced stage of senile dementia; that such a condition does not result in a very short time, and that, in their opinion, judging from her condition at the time of their examination of her, she was not competent to make a will in the January preceding.   While there is some evidence to the effect that deceased was competent at the time of making the purported will, to devise her property, we think the preponderance

thereof is with the court's findings that she was incompetent, and therefore they should not be disturbed.

Judgment affirmed.

ELLIS, C. J., MOUNT, and PARKER, JJ., concur.