[No. 15725. Department One. March 4, 1920.]

*In the Matter of the Estate of*
ARTHUR J. RUTHERFORD.[1]

WILLS (7)—TESTAMENTARY CAPACITY — EVIDENCE — SUFFICIENCY. Want of testamentary capacity will not be found where it appears that the testator knew and comprehended the transaction and the nature and extent of his property, and recollects the object of his bounty.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered August 1, 1919, sustaining a will, after trial on the merits of a will contest. Affirmed.

*Wm. H. Pratt* and *M. J. Gordon,* for appellant.

*Sullivan & Christian* and *Bates & Peterson,* for respondents.

MACKINTOSH, J.—The deceased executed a will on February 28, 1918, which his widow is petitioning to set aside upon the ground that the deceased was incompetent to execute the will by reason of mental affliction. The testator died June 12, 1918, at the West-

[1]Reported in 188 Pac. 27.

ern Washington Hospital for the Insane to which he had been confined for a few weeks.

At the time of the execution of the will, the deceased had been the owner of a small estate, the principal portion of which was represented by a life insurance policy in which his wife was named as beneficiary. A change of beneficiaries was made, and by the will the wife was to receive one-half of the life insurance, the other half being given to three minor children. Evidence was produced by the contestant of the will and by those supporting its validity, and upon this conflicting testimony the trial court sustained the will, from which decision this appeal is taken.

A review of the testimony would do no more than satisfy counsel that the court had read it, and would be of no benefit to any one, least of all to the parties interested in the litigation. The evidence does not establish a state of facts sufficient to justify the cancellation of the will, falling far short, as it does, of reaching the standard which this court has set for the declaration of testamentary incompetency. In *In re Gorkow's Estate,* 20 Wash. 563, 56 Pac. 385; and *Hartley v. Lord,* 38 Wash. 221, 80 Pac. 433, the court has said that, where the testator knows and comprehends the transaction in which he is engaged, and the nature and extent of the property which comprises his estate, and recollects the objects of his bounty, the disposition he makes of his estate will not be interfered with. The will in this case answers all of these requirements and we, as well as the trial court, are satisfied it should not be disturbed. The judgment of the superior court is affirmed.

HOLCOMB, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.