[No. 24795.   Department One.   March 28, 1934.]

*In the Matter of the Estate of* JOHN FORSMAN,
*Deceased.*[1]

*Fred M. Bond* and *J. J. Crossley,* for appellant.

*Norblad & Norblad* and *John J. Langenbach,* for re-
spondent.

MILLARD, J.—On October 4, 1930, a day or so sub-
sequent to the death of his wife, John Forsman, an
illiterate farmer eighty or eighty-one years old, re-
siding in Pacific county, executed his will, under the
terms of which he gave all of his property to his two
children (an unmarried son and a married daughter),
share and share alike.   The daughter, who resided at
Portland, Oregon, remained with her father approxi-
mately six months following her mother's death.   She
returned to her home in Oregon in April, 1931.   Fors-
man lived alone from that time until his removal to a
hospital in Seaview in September, 1931, when he was
placed in the hospital by direction of the county au-

[1]Reported in 30 P. (2d) 941.

thorities, who found him ill and in a helpless condition on his farm.

On November 13, 1931, after hearing upon petition therefor,

". . . and it appearing that said John Forsman is about eighty-one years of age, bedridden, and by reason of age and ailments incompetent mentally and physically to manage his own affairs,"

the superior court for Pacific county entered an order appointing D. W. Williams, who lived about three blocks from the hospital in which Forsman had been placed, guardian of the person and estate of Forsman. Williams immediately qualified as guardian, and thereafter made all arrangements for payment of Forsman's hospital expenses and attended to all of his ward's business matters. The superintendent and all of the employees of the hospital knew that Williams was the duly appointed and qualified guardian of Forsman. Sometime in January, 1933, about a month prior to his father's death, Forsman's son committed suicide.

On February 19, 1933, Forsman executed another will, which was signed as the will of October 4, 1930, by the testator making his mark. Under the terms of this will, the decedent bequeathed ten dollars to his daughter and gave the remainder of his property to Delia M. Lofgren, superintendent of the hospital in which Forsman then was. The evidence is in conflict as to whether Forsman knew that his son was dead. The name of Forsman's daughter, who was married, is Hildore Louise McNees, yet the bequest is "to my daughter Johanna Erickson." The three witnesses (the attorney who drafted the instrument and two employees of the hospital) to the will testified that they thought that Forsman said that was the name of his

daughter. Disinterested witnesses who had, as had Forsman, lived many years at Deep River near which Forsman's farm was situated, testified that no one named or called "Johanna Erickson" ever lived in that neighborhood.

On February 25, 1933, six days after the execution of the second will, John Forsman died. The attending physician testified that the cause of his death was hypo-static pneumonia, the contributing cause senile old age.

The daughter filed a petition, which was granted, for probate of the first will. Delia M. Lofgren filed a petition for probate of the second will. The trial court was of the view that John Forsman was mentally incompetent to make the will of February 19, 1933, and on that ground set the second will aside. The only issue raised by this appeal, which is prosecuted by Delia M. Lofgren, is whether Forsman was competent to make a will on February 19, 1933.

The evidence on this question is in sharp conflict. It fairly appears from the evidence that Forsman did not know that his son was dead, yet he made no provision for that son; he never mentioned him. He knew when he made his will in 1930 that his daughter's name was Hildore Louise McNees, that she had never been married to a man named Erickson, nor was she ever called "Johanna Erickson;" yet his mind was so hopelessly confused, if the witnesses to his will are to be believed —they also testified in behalf of appellant—that he directed that provision to the extent of ten dollars be made for his daughter "Johanna Erickson." Surely, had the father comprehended what he was doing, he would have remembered his daughter's name—if not her married name, at least her Christian name.

Appellant's witnesses testified that nothing was said

by the testator as to the amount, kind or extent of his property, other than a statement concerning some land. The attorney who drafted the will testified that Forsman "said something about some land, I don't know whether there was anything else or not; he spoke of some land, I didn't even ask him who that was given to." This doubtless has reference to Forsman's gift of land to his daughter and son in 1930. The will reads, so far as pertinent, as follows:

"In the name of God Amen. Know all men by these presents that I, John Forsman, of Seaview, Pacific county, state of Washington, of the age of 82 years, being of sound and disposing mind and memory and not acting under duress, menace, fraud or undue influence of any person or persons whomsoever, do hereby make, publish and declare this, my Last Will and Testament in manner and form, to-wit:

"First: It is my will and I do order that all of my just debts, if any, and funeral expenses, be duly paid and satisfied out of my assets as soon as can conveniently be done after my demise.

"Second: I give and bequeath to my daughter Johanna Erickson, from the proceeds of my estate the sum of Ten ($10) Dollars and I am bequeathing her this amount only for the reason that I have heretofore made provision and large advances to her and have fully provided for her, and I do not wish to give her anything further from my estate.

"Third: I give, bequeath and devise to Delia M. Lofgren, of Seaview, Washington, all the remainder of my property, both real and personal wherever located for the reason that she has shown a very kind and sympathetic interest for me in these closing days of my life, and I wish to show my appreciation and gratitude for such considerate treatment as she has and is giving me, and further as an encouragement to her for her endeavors to establish a hospital so much needed in this community, and if she should not survive me, then to her heirs and legatees.

"Fourth: I nominate, constitute and appoint Delia

M. Lofgren of Seaview, Washington, to be the executrix of this, my last will and testament to serve without bond, and I do hereby revoke all other Wills, Legacies bequests and devises by me heretofore made, and declare this and no other to be my Last Will and Testament.''

The following language in the opinion in *Eble v. Bloch,* 171 Wash. 223, 17 P. (2d) 867, is applicable in the case at bar:

''The possession of testamentary capacity includes an understanding and reasonably full comprehension of the act which is being performed, the nature and extent of the property which will pass by the will, and the recollection of the objects of the testator's bounty. *In re Rutherford's Estate,* 110 Wash. 148, 188 Pac. 27; *In re Roy's Estate,* 113 Wash. 277, 193 Pac. 682; *In re Vaughn's Estate,* 137 Wash. 512, 242 Pac. 1094; *In re Seattle's Estate,* 138 Wash. 656, 244 Pac. 964. It is clear that Mr. Will, at the time he signed the document in question, did not have his relatives in mind. His thoughts were manifestly in a state of utter confusion.''

No good purpose would be served by an extended review of all of the evidence. The judge who denied probate of the second will was the same judge who, on the ground that Forsman was ''incompetent mentally and physically to manage his own affairs,'' appointed D. W. Williams guardian of the person and estate of Forsman.

In the case at bar, as was said in *Pond's Estate v. Faust,* 95 Wash. 346, 163 Pac. 753,

''The advantage of the trial court in hearing the witnesses and noticing their demeanor and candor, sympathy or bias, while testifying is of more importance than usual, for the case practically hinges on the credibility and capacity of witnesses. Courts will presume sanity until that presumption is overthrown by competent and reliable evidence to the contrary.

. . . we are not prepared to hold that the evidence preponderates against the findings of the lower court.''

In fact, the evidence preponderately sustains the judgment of the trial court that Forsman was incompetent to make the second will.

The judgment is affirmed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.