[No. 33606. Department Two. July 26, 1956.]

*In the Matter of the Estate of* ANNA WILLIAMS LEE, *Deceased.*

FAIRMAN BURBIDGE LEE *et al., Appellants,* v. SEATTLE-FIRST NATIONAL BANK, *as Executor and Trustee, et al., Respondents.*[1]

[1] Reported in 299 P. (2d) 1066.

*Savage, Gaines & Lechner*, for appellants.

*Jones & Grey* and *Hay & Hamlin*, for respondents.

ROSELLINI, J.—This appeal from a decree of distribution involves the construction of the trust provisions of a will. The pertinent provisions are as follows:

"FIFTH: Upon the death of my said son, FAIRMAN BURBIDGE LEE, my trustee, Seattle-First National Bank, is authorized to pay to each of my said grandchildren so much

from the income and/or principal of my said estate as my said trustee shall deem necessary and proper for the maintenance, health and education of such grandchild until he shall have completed his education, but not after he shall have attained the age of twenty-five (25) years. Thereafter, my said trustee shall pay to each of my said grandchildren after he has completed his education, as aforesaid, the sum of TWENTY-FIVE and No/100 DOLLARS ($25.00) per month from the income and/or principal of my said estate, until the youngest of my said grandchildren shall have attained the age of forty (40) years, at which time my said estate shall be distributed to my grandchildren then living at said time, share and share alike; provided further that in the event none of my said grandchildren shall live to attain the age of forty (40) years, then upon the death of my last grandchild prior to attaining the age of forty (40) years, the trustee shall then distribute my estate to my great-grandchildren."

"SIXTH: If all of my grandchildren shall die prior to attaining the age of forty (40) years, without issue, then all of the remainder of the estate in the hands of my trustee shall be used by my trustee to endow beds in the Children's Orthopedic Hospital of Seattle, Washington, in the names of Anna Williams Lee, Chester Fairman Lee and Fairman Burbidge Lee."

"EIGHTH: If any provisions of this Will should be void on account of the rule of perpetuities or any other rule of law pertaining to such trusts, then the trusts herein provided shall continue in force for the full period permitted by law and on the day prior to the expiration of such full period, trustee shall make distribution of any remainder of the trust estate to the persons herein named who would be entitled to take distribution thereon upon termination of the trust."

"TENTH: I direct that if any part or provision of this, my Will, shall be declared illegal or void by any court, such illegality or invalidity shall not affect any other portion of this instrument and that all other parts thereof shall remain in full force and effect the same as if no part thereof had been declared void, and also that this instrument be construed under the laws of the State of Washington, and that notwithstanding the date of its execution, so far as the administration of the trust is concerned and the provisions for the beneficiaries, it shall be construed as becoming effective as to the date of my death for all purposes."

In the fourth paragraph of her will, the testatrix provided a life estate for her son, which is concededly valid. It was also conceded in the trial court that the remainders provided in the fifth and sixth paragraphs violate the rule against perpetuities, and the only question which the trial court was asked to decide was whether the trust was saved by the eighth and tenth paragraphs.

The trial court concluded that the provision for distributing the estate to the "persons herein named who would be entitled to take distribution thereon at the termination of the trust" was sufficiently definite to enable the court to ascertain to whom distribution was to be made upon termination of the trust one day before the expiration of the full period permitted by law. It is the contention of the appellants that the provision is too indefinite to be enforced; that, if this paragraph is ineffective, the dispositive scheme is destroyed and the entire trust has failed. Consequently, they say, Mrs. Lee died intestate and the estate should be distributed immediately to her only heir at law, her son, Fairman Burbidge Lee.

The respondents devote a considerable portion of their brief to a theory that the remainders to the grandchildren when and if they reach age forty, and to the great-grandchildren if no grandchild lives to attain age forty, are not contingent but vested remainders, even though they are gifts to a class, and therefore do not violate the rule against perpetuities. No argument was made on this point in the trial court; however, since we are asked to construe the will, which involves only a question of law, we will dispose of the theory presented.

Three cases are cited from other jurisdictions which have held that, if a beneficiary is to receive the income from a trust and, upon the happening of a named contingency, he is to receive the corpus, the gift of the corpus is not contingent but is vested, subject to divestment.

In so far as these cases are contrary to the rule which has been laid down by this court, they do not express the law which controls our decision here. The question raised

by the respondent was discussed at length in *Betchard v. Iverson*, 35 Wn. (2d) 344, 212 P. (2d) 783; the authorities were reviewed; and the rule was recognized as follows:

"A class which includes after-born children is subject to fluctuation; the number of its members may increase or decrease, and the size of the gift to each is determined by the ultimate membership of the group. It is this peculiarity of gifts to a class, as contrasted with gifts to individuals, that has led to the rule that, for the purposes of the rule against perpetuities, a class gift is not regarded as vested until the maximum and minimum membership of the class is determined. As long as the class may increase by the birth of additional members, or decrease by the death of members, there can be no vesting. See *Denny v. Hyland*, 162 Wash. 68, 297 Pac. 1083; 2 Simes, Law of Future Interests, 399, § 526, and 400, § 528."

The rule against perpetuities prohibits the creation of future estates which, by possibility, may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter. If, by any conceivable combination of circumstances, it is possible that the event upon which the estate or interest is limited may not occur within the period of the rule, the limitation is void. *Betchard v. Iverson, supra.*

Under these rules, it is clear that the gifts of the remainders to the grandchildren are void, for they will vest only if one or more grandchildren survive until the youngest reaches age forty; and, since grandchildren may be born after the death of the testatrix, and within the gestation period after the death of her son (the measuring life in being at the time of the testatrix' death), the youngest may reach age forty more than twenty-one years after the death of the son. By the same token, the gifts over to the great-grandchildren and to the hospital are void, for they are contingent upon events which may occur more than twenty-one years after the death of the son.

Since the remainders are void, by the expressed intent of the testatrix, the eighth paragraph of the will applies, and the trust is to terminate one day before the expiration of the full period allowed by law, that is, twenty-

one years after the death of the son. The question to be decided is: Whom did the testatrix intend to receive distribution at that time?

The words of the testatrix are ambiguous and subject to two interpretations. It is the position of the appellant that the phrase "persons herein named who would be entitled to take distribution thereon at the termination of the trust" means those persons who would be entitled to take distribution of the corpus if the trust were terminated under the provisions of the fifth and sixth paragraphs of the will. Consequently, they say, it will be impossible to determine the beneficiaries at the termination of the trust; and, for this reason, the provision is too indefinite to enforce.

The respondents, on the other hand, argue that the obvious intent was to provide for distribution of the corpus to those persons named in the preceding paragraphs who would be entitled to take distribution thereof if those paragraphs provided for the termination of the trust at the end of the lawful period rather than at the time designated in the invalid provisions of the will.

If the interpretation placed upon the phrase by the appellants is adopted, the clause is unenforcible, for the persons entitled to take distribution under the fifth and sixth paragraphs cannot be determined until the youngest grandchild has reached age forty, or all of the grandchildren have died before reaching age forty. It is exactly these contingencies which violate the rule against perpetuities, and it was just such a violation which paragraph eight was designed to guard against. Although she expressed herself ineptly, it is plain that the testatrix, in paragraph eight, intended to substitute a valid disposition for any invalid disposition which she may have made in the earlier paragraphs.

 The eighth paragraph can be given effect only if the persons entitled to receive the corpus can be ascertained at the time of the termination of the trust—one day before the expiration of the period allowed by law. The law presumes that a valid disposition is intended. Atkinson, Wills, 815, § 146.

■■ A court is bound to give that construction to a will which will effectuate the intention of the testator if such intention can be gathered from the terms of the will itself, and the intention is to be gathered from everything contained within the four corners of the instrument. *O'Shaughnessy v. Brooks*, 153 Wash. 247, 279 Pac. 591; *In re Peters' Estate*, 101 Wash. 572, 172 Pac. 870. When a court is faced with two possible constructions one which will accomplish the evident ends sought by the testator and another of which will not, the former construction should be adopted if the language used will admit of such construction. *In re Peters' Estate, supra.*

Applying these rules of construction to the will in question, it is clear that the testatrix did not intend to substitute an invalid disposition for a prior invalid disposition. It is true that the language which she used is subject to the interpretation placed upon it by the appellants; but, viewed in the light of the purpose which paragraph eight was meant to serve and the other language contained therein, it is also subject to the interpretation placed upon it by the respondents. Under the latter interpretation, a valid disposition is provided and the will can be given effect; but, if the meaning assigned by the appellants is adopted, the provision cannot possibly be carried out.

■ This court is disposed to as liberal a construction as possible to effect the carrying out of the intention of a testator, when it is possible to determine the testator's intention from all the surroundings and context of a devise. *In re Peters' Estate, supra.*

■ We conclude that the testatrix intended by the language used in paragraph eight to provide for the acceleration of the date on which distribution was to be made if the prior dispositive clauses should prove invalid; and for the distribution of the corpus on that date to her grandchildren if any were then living, otherwise to her great-grandchildren; and if all of her grandchildren had died without issue, to the Children's Orthopedic Hospital. As the trial court noted in its decree of distribution, an intestacy would occur if the grandchildren had issue but no great-grandchild survived

to the date of distribution, since the textatrix failed to make provision for this contingency.

The trial court, in its decree of distribution, provided that the trust should continue until the youngest grandchild reached age forty, or until the death of the last surviving grandchild prior to reaching age forty, or until twenty-one years, less one day, after the death of the son, whichever event should occur first. Such a disposition goes beyond any expressed intent of the testatrix. The will provides that in the event any provision of the will should be void, the trust should terminate one day before the end of the full period allowed by law, not that the trust should terminate in accordance with the provisions contained in paragraphs five and six or one day before the end of the full period allowed by law, whichever date was earlier.

The cause is remanded, with direction to modify the decree accordingly. In all other respects, the judgment is affirmed.

MALLERY, HILL, and WEAVER, JJ., concur.

---

September 28, 1956. Petition for rehearing denied.