[No. 3247–2.   Division Two.   October 24, 1979.]

ROBROY LAND COMPANY, INC., *Appellant,* v. BONNIE
PRATHER, *Individually and as Personal
Representative,* ET AL,
*Respondents.*

*Richard J. Schroeder,* for appellant.

*Robert Beale,* for respondents.

PEARSON, C.J.—The sole issue on appeal is whether a right of first refusal to purchase real property violates the rule against perpetuities or the rule against unreasonable restraints on alienation, where the preemptive right extends to the grantees "and to their heirs, personal representatives and assigns," and is binding upon the grantors as well as their "heirs, personal representatives or assigns."[1] Washington cases have discussed the contract aspects of option

---

[1]The terms of the granted preemptive right are:

agreements without specifically addressing the issue raised here. *See Wetherbee v. Gary,* 62 Wn.2d 123, 381 P.2d 237 (1963); *Hopkins v. Barlin,* 31 Wn.2d 260, 196 P.2d 347 (1948). We hold that the rule against perpetuities is violated by such preemptive right and that such right also is an unreasonable restraint on alienation of the property. Accordingly, we affirm the judgment which voided the granted right.

Appellant, Robroy Land Company, succeeded to the preemptive right by assignment from the original grantees, Robert and Isabel Robbins. Robroy brought this action to upset a sale of the property by respondent, the personal representative of Isaac W. Prather, deceased, to respondent, Manke & Sons, Inc.

It is conceded by appellant that the preemptive right may not terminate within the period mandated by the rule against perpetuities, namely, lives in being plus 21 years. *See Betchard v. Iverson,* 35 Wn.2d 344, 212 P.2d 783 (1949). However, appellant argues that the rule should not apply to a right of first refusal, nor should the restraint be

---

"We, ISAAC W. PRATHER and BONNIE A. PRATHER, his wife, for and in consideration of Ten Dollars ($10.00) paid to us by ROBERT C. ROBBINS and ISABEL FAYE ROBBINS, his wife, the receipt whereof is hereby acknowledged, do hereby grant *to them and to their heirs, personal representatives and assigns,* the first right of refusal of purchasing the following described real estate in Thurston County, Washington:

"The northwest quarter of the southwest quarter, the southwest quarter of the southwest quarter, and the southeast quarter of the southwest quarter of Section 20, Township 18 North, Range 2 West, W.M.

in the event that we, at any time, elect to sell the above described property. In the event that we elect to sell the above described property, we will notify the optionees in writing of any bona fide offer which we have received and shall allow them sixty (60) days to purchase the property on terms equal to the third party offer, or if no acceptable offer of purchase has been made, we will communicate our desire to sell to the optionees and will allow them a total of sixty (60) days to purchase the property for the fair market value at the time we elect to sell.

"The rights hereby granted shall terminate upon refusal to purchase by the optionees or by the expiration of the appropriate time period indicated above.

"This option shall be binding *upon the heirs, personal representatives or assigns of the optionors.*" (Italics ours.)

considered an unreasonable restraint on alienation. Appellant also argues for the adoption of the so–called "wait and see" rule in determining whether application of the rule against perpetuities invalidates a perpetual option.

■ In a well reasoned memorandum opinion, the trial judge, the Honorable Robert J. Doran, disposed of these arguments and ruled that the perpetual right of refusal violated the rule against perpetuities and constituted an unreasonable restraint on alienation. We substantially adopt that memorandum opinion as the opinion of this court.

Defendants contend the "first right of refusal" granted herein . . . is void as violative of the rule against perpetuities. While the common law against perpetuities is a part of the law of this state, *see In Re Estate of Lee,* 49 Wn.2d 254, 299 P.2d 1066 (1956); *In Re Estate of Lemon,* 47 Wn.2d 23, 286 P.2d 691 (1955); and *Betchard v. Iverson,* 35 Wn.2d 344, 212 P.2d 783 (1949), there has been no decided case in this jurisdiction where the Court has been presented with the question of whether a first right of refusal violates the rule against perpetuities if it is unlimited as to time.

As far as the rule against perpetuities is concerned, the [Supreme Court] in *In Re Estate of Lee, supra,* a "will" case, stated at 258:

The rule against perpetuities prohibits the creation of future estates which, by possibility, may not become vested within a life or lives in being at the time of the testator's death and twenty–one years thereafter. If, by an conceivable combination of circumstances, it is possible that the event upon which the estate or interest is limited may not occur within the period of the rule, the limitation is void. *Betchard v. Iverson,* [35 Wn.2d 344, 348, 212 P.2d 783 (1949)].

The distinction between an ordinary "option" and a "first right refusal" was recognized by our Supreme Court in *Bennett Veneer Factors, Inc. v. Brewer,* 73 Wn.2d 849, 441 P.2d 128 (1968) and by the Supreme Court of Colorado in *Atchison v. Englewood,* 170 Colo. 295, 463 P.2d 297 (1970); 40 A.L.R.3d 904 (1971). In the *Englewood* case, the Court was faced with determining the

same difficult question presented here, that is, the validity of a "first right of refusal"—unlimited in time. The Court stated at 301:

> We now approach the question of whether the rule against perpetuities should be applied to pre–emptive rights. At the outset the difference between an ordinary option and a pre–emptive right should be noted. In a typical option the optionee has the absolute right to purchase something for a definite consideration. A pre–emptive right involves the creation of the privilege to purchase only on the formulation of a desire on the part of the owner to sell; and, in the case here, the holder of the right must purchase for the price at which the owner is willing to sell to a third person.
>
> It will be recalled that there is a difference between the rule against perpetuities and the rule against restraints upon alienation. Both rules have the same fundamental purpose, namely, to keep property freely alienable; or, stated differently, each stems from a general policy which frowns upon the withdrawal of property from commerce. The rule against perpetuities invalidates interests which *vest* too remotely. The rule against restraints upon alienation relates to other unreasonable restraints.

The Court went on to hold at 303:

> We have held that before us is an inheritable pre–emptive right without limit as to time. It is in no manner connected with any land owned by [grantees of the pre–emptive right]. While they reserved one–half of the mineral rights, this interest can be sold at any time; and following a sale there will be no land title interest of record to give any clue as to the identity of future successors in interest to the pre–emptive right. We feel that at some point in the infinite time at which Englewood might in the future conclude to sell the land, *ascertaining and locating the owners of the pre–emptive right would be an unreasonable task. As a result, there would be a sufficiently unreasonable restraint upon the transferability of the property as to justify imposition of the rule against perpetuities.* It may be said that we are stating a rule against alienation and giving it a label of the rule against perpetuities. Be that as it may, the result is the same. [Italics ours.]

. . .

. . . we rule merely that a contractual right, granted to *A* and his heirs and assigns, unlimited as to time, to purchase land upon the same terms as the owner could and would sell to a third person, is void.

The holding in *Atchison v. Englewood, supra,* appears to be consistent with the majority view. *See* 61 Am. Jur. 2d *Perpetuities and Restraints on Alienation,* § 54, p. 55 (1972); Restatement of Property, § 413, p. 2441 (1944); Annot. *Perpetuities—Pre-emptive Rights to Realty,* 40 A.L.R.3d 920 (1971). However, a contrary result was reached in *Foster v. Bullard,* 496 S.W.2d 724 (Tex. Civ. App. 1973), and *Weber v. Texas Co.,* 83 F.2d 807 (5th Cir. 1936), *cert. den.* 299 U.S. 561, 81 L. Ed. 413, 57 S. Ct. 23 (1936). In *Foster* the Court found no violation of the rule against perpetuities where the option, as here, was not exclusive to the optionee to buy at a fixed price, exercisable at some remote time in the future beyond the limit of the rule against perpetuities. The Court held that the optionee merely had the prior right to buy 50 acres at the same price the seller could get from another buyer when the seller elected to sell. This Court is more persuaded by the reasoning of the Colorado Court in *Englewood.* While the pre-emptive right granted in the instant case did not give the Robbinses the absolute right to purchase the land in question, the right was, by the document itself, one which would pass from the Robbinses "to their heirs, personal representatives, and assigns," and would be binding on the optionors' "heirs, personal representatives or assigns."

Thus, paraphrasing the language of the Court in *In Re Estate of Lee,* where it is possible that the event (the election to sell) upon which the interest (the first refusal right) is dependent may not occur within the period of the rule, the limitation upon the right to sell is void. Furthermore, as stated by the Court in *Englewood,* if a pre-emptive right such as that granted is deemed not to violate the rule against perpetuities, the instrument on its face would violate the rule against restraints upon alienation. Granting the right to *A* and his "heirs, personal representatives and assigns" could create problems of transferability of the property in the event, for example, the heirs of the optionor desired to sell but could not locate the "heirs or assigns" of the optionee. Anyone

purchasing the property could rightfully believe he was "buying a lawsuit" at some time in the future, which could affect the price as well as the marketability of the land.

Counsel for plaintiff also argues that this Court should adopt the "wait and see" rule in determining whether application of the rule against perpetuities invalidates a perpetual option. Such rule has been *legislatively* established in the state of Kentucky. *See Three Rivers Rock Co. v. Reed Crushed Stone Co.,* 530 S.W.2d 202 (Ky. App. 1975). Counsel for plaintiff contends that the "invocation of the rule against perpetuities should not take place until the period of tolerance, which it allows has passed." This Court cannot agree.

The question of whether the common law rule should be changed in this state is one which must be addressed to the legislature. *See* RCW 4.04.010.

It is the opinion of this Court that the pre–emptive rights granted to Robert C. Robbins and Isabel Faye Robbins, "their heirs, personal representatives and assigns" to purchase the lands described in the instrument upon the same terms as the owners would sell to third parties, and which was binding upon Isaac W. Prather and Bonnie A. Prather and their "heirs, personal representatives and assigns" is void as a matter of law.

Judgment affirmed.

PETRIE and REED, JJ., concur.

Reconsideration denied November 14, 1979.

Review granted by Supreme Court January 18, 1980.